UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DARRYL E. CARTER** | **CIVIL ACTION NO. 3:15-cv-2072** |
| **LA. DOC #109410** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LaSALLE SOUTHWEST** | |
| **CORRECTIONS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Darryl E. Carter, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on July 15, 2015.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC). He is currently incarcerated at the Bossier Medium Correction Center. When he filed his complaint he was confined at the Richland Parish Detention Center; however, he complained about an incident that occurred on July 16-17, 2014, when he was incarcerated at the Jackson Parish Corrections Center (JPCC). Plaintiff sued LaSalle Southwest Corrections (LSC), the JPCC, its warden Tim Ducote, the Jackson Parish Police Jury and "Officer John Doe." He prayed for compensatory damages of $250,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

---

[1] Plaintiff signed his complaint on July 15, 2015 [Doc. 1, p. 5]; it was mailed on July 16, 2015 [Doc. 1-2] and received and filed on July 17, 2015.

*Statement of the Case*

On July 16, 2015, plaintiff was a DOC prisoner confined at the LPCC. On that day he was cutting grass with a weedeater that began to leak gasoline. Plaintiff brought the equipment to his supervisor and showed him the leak. On the following day plaintiff was given the same piece of equipment and advised to refrain from pressing the primer ball. After using the equipment for some unspecified period of time "... the line fell of again and blew up and caught on fire..." Plaintiff was burned and taken to a nearby hospital where he was treated for his injury and released.

According to plaintiff, "John Doe - Supervisor knew the weedeater was damaged and had not been repaired. He was aware that this very weedeater had been placed in the shop on 3 occasions for repairs." Plaintiff also claimed that "Warden Tim Ducote was aware that the equipment was not in good repair but allowed its continued use to save money." He claimed that LSC "... had been requisitioned for new lawn equipment in the past and refused the requisition." Finally, he claimed that the Jackson Parish Police Jury "... is responsible [because] they allow equipment to be replaced only when it becomes that there is no other recourse."

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, a private corporation and the parochial governing authority his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under §

2

1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**2. Respondeat Superior**

Plaintiff faulted JPCC Warden Tim Ducote, the Jackson Parish Police Jury, and LSC, the private corporation which he claims owns the prison in question. It appears that he seeks to visit liability under Section 1983 upon the warden, the parochial governing authority, and the corporation which owns JPCC for the act or failure to act of an unnamed employee.

*a. Jackson Parish Police Jury*

There is no *respondeat superior* liability in § 1983 actions, therefore the governing authority may not be held liable for the faults of one of their employees. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.2002). In order to hold a Louisiana parish liable under Section 1983 for the misconduct of its employees, a civil rights plaintiff must allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy this requirement, the plaintiff must allege that the custom or policy he has identified either served as a

3

moving force behind the constitutional violation at issue or that his injury resulted from the execution of an official policy or custom. The description of a policy and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts. *Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir.1997). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*, 981 F.2d 237, 245 (5th Cir.1993). Plaintiff has not alleged facts sufficient to impose Section 1983 liability upon the governing authority of Jackson Parish.

### *b. LSC – Owner*

Just as a municipal or parochial corporation is not vicariously liable upon a theory of *respondeat superior* for the constitutional torts of its employees, so a private corporation cannot be deemed vicariously liable under §1983 for its employees' deprivations of others' civil rights.

The test to determine liability for a private prison-management corporation under § 1983 is more or less identical to the test employed to determine municipal or local government liability. *See Phillips v. Corrections Corp. of America*, No. 02-766, 2006 WL 1308142 at *3 (W.D.La. May 10, 2006); *see also Monell v. Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978).

The court applies the common law standards used to determine § 1983 liability for a municipal corporation to a private corporation. As such, a private corporation performing a government function is liable under § 1983 if (1) there is a policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy or custom that caused the claimed injury; (2) the corporation has an official custom or policy which could

4

subject it to §1983 liability; and (3) the claimant can demonstrate that the corporate action was taken with the requisite degree of culpability, and show a direct causal link between the action and the deprivation of federal rights. *Piotrowski v. City of Houston*, 237 F.3d 567 at 578-79, reh'g *en banc* denied, 251 F.3d 159 (5th Cir.), *cert. denied*, 534 U.S. 820 (2001); *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir.2004) (citing *Monell*). Culpability may be shown either through an unconstitutional official policy or through a facially innocuous policy that was implemented with deliberate indifference to a known or obvious consequence that a constitutional violation would result. *See Piotrowski*, 237 F.3d at 579. To establish the causation element, a plaintiff must show that the policy is the "moving force" behind the violation. *Id.* at 580.

Plaintiff's compliant is devoid of any allegations that an official policy or custom of LSC was the "moving force" behind the alleged deprivation of plaintiff's civil rights.

### *c. Warden Ducote*

Plaintiff also faults the Warden for the alleged fault of his employee. However, as with the entities noted above, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct.

248, 78 L.Ed.2d 236 (1983).

Plaintiff seeks to visit Section 1983 liability on the Warden, the prison management company, and/or the governing authority of Jackson Parish for the fault of one of their employees. In order to prevail on these claims, plaintiff must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by these defendants. This he has not done and his complaint, as to these defendants, fails to state a claim for which relief may be granted.

### 3. Juridical Person

It also appears that plaintiff has sued the JPCC itself. Fed.R.Civ.P. Rule 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether the CCC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. The JPCC is not a juridical person and therefore plaintiff's claims against this defendant must be dismissed.

### 4. Conditions of Confinement

Finally, and with respect to all of the defendants named herein, plaintiff's pleadings clearly fail to state a claim for which relief may be granted. Plaintiff's right to a safe environment is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not liable for the harm that befalls an inmate unless the official

"knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton: "'Wanton means reckless – without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 American and English Encyclopedia of Law 2-4 (2d ed. 905) (footnotes omitted)."

    Plaintiff's accident does not allege a condition of confinement claim of Constitutional proportion. Indeed, the facts as alleged suggest at worst negligence on the part of the defendants. As noted in *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986), [w]here a government official's act causing injury to life, liberty, or property is merely negligent, "no procedure for compensation is *constitutionally* required." (Emphasis in original).

    In other words, plaintiff seeks damages pursuant to Section 1983 for acts which were, at

7

worst, merely negligent, and, as such, he failed to state a claim for which relief may be granted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 28, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**